IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.M. SKIER AGENCY, INC. & A.M. SKIER REINSURANCE, INC.,<br><br>    Plaintiffs,<br><br>        v.<br><br>CREATIVE RISK SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 3:05-CV-0451<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss Count IV of the Complaint under Rule 12(b)(6) for Failure to State a Claim, and Defendant's Motion for a More Definite Statement under Rule 12(e) (Doc. 3).  For the reasons set forth below, I will grant Defendant's motion in part and deny it in part.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## BACKGROUND

According to the facts as alleged in Plaintiffs' Complaint, this case arises out of a contract between Plaintiff A.M. Skier Agency, Inc. ("Agent") and Defendant Creative Risk Services, Inc. (Doc. 1-4.)  Plaintiff Agent is a corporation in the business of insuring children's camps and their structures.  (*Id.* at ¶ 5.)  Plaintiff Agent contracted with Defendant to have them inspect and examine structures that were to be insured, in order to determine their size, condition, and replacement cost.  (*Id.* at ¶ 7.)  Plaintiff Agent relied on the inspections when placing insurance policies on the children's camps.  (*Id.* at

¶ 9.)  Further, Plaintiff A.M. Skier Reinsurance, Inc. ("Reinsurer"), apparently, relied on the value of Plaintiff Agent's insurance policies when determining the appropriate value of re-insurance for the particular camps and structures.  (*Id.* at ¶¶ 28-29.)

Plaintiffs allege that Defendant breached its contractual obligations when it failed to properly and accurately inspect and examine the structures.  (*Id.* at ¶ 10.)   Plaintiffs further allege that Defendant's breach of contract caused the undervaluation of each structure by twenty-six (26%) on average.  (*Id.* at ¶ 15.)  Plaintiffs assert that, as a result of the breach of contract, they have incurred damages, such as loss of commissions (*Id.* at ¶ 16), costs associated with reinspection of the structures (*Id.* at ¶ 12), and replacement costs of an undervalued structure, which was destroyed by fire (*Id.* at ¶ ¶ 20-23).

On January 18, 2005, Plaintiffs filed a complaint against Defendant in the Court of Common Pleas of Wayne County, Pennsylvania.  Defendant filed preliminary objections to the complaint on or about February 16, 2005.  On March 2, 2005, the case was removed to this Court by Defendant.  Defendant filed the present Motion to Dismiss on April 8, 2005.  This matter is now ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump*

*Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

### DISCUSSION

**1.    Count IV**

Defendant construes Count IV of Plaintiffs' Complaint to allege a claim for "breach of contract" involving Plaintiff Reinsurer. As such, Defendant argues that Count IV must

3

fail as a matter of law, because Defendant is alleged to have been a party to a contract only with Plaintiff Agent; not Plaintiff Reinsurer.  The Court agrees.  It is fundamental in contract law that one cannot be liable for a breach of contract unless one is a party to that contract.  *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991) (citing *Viso v. Werner*, 369 A.2d 1185 (Pa. 1977)).

Plaintiffs counter that Defendant may be liable to Plaintiff Reinsurer through a cause of action in tort growing out of a breach of contract.  The Court construes Count V of Plaintiffs' Complaint, rather than Count IV, to embody this potential claim.  Notably, Count V of Plaintiffs' Complaint is entitled "AGENT and REINSURER v. DEFENDANT", whereas Count IV of Plaintiffs' Complaint is entitled, "REINSURER v. DEFENDANT." (Doc. 1.)  Furthermore, Plaintiffs' brief states that they, "filed a complaint for breach of contract against Defendant. . . ."  (Doc. 6 at 1.)  Plaintiffs do not, however, allege a direct or contractual relationship between Defendant and Plaintiff Reinsurer.  Therefore, Defendant's motion will be granted with regard to this claim, and Count IV of Plaintiffs' Complaint will be dismissed.

**2.    Motion for a More Definite Statement**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  If a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a party may move for a more definite statement.  FED. R. CIV. P. 12(e).  Rule 12(e) motions, however, "are highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and

places the burden of unearthing factual details on the discovery process." *Hughes v. Smith*, No. 03-5035, 2005 U.S. Dist. LEXIS 2783, at *12 (E.D. Pa. Feb. 24, 2005) (quotations omitted); *see also Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967) ("Although the motion for a more definite statement continues to exist in Rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.")

In the present case, Defendant requests that Plaintiffs be required to set forth the "names and addresses of each and every camp referred to in the complaint", as well as, to identify "each structure referred to by some type of meaningful description," the "camp each of the identified structures is in", and the "date of each inspection or evaluation referred to for each of the camps and/or structures." (Doc. 4 at 6.) I find that Plaintiffs' Complaint satisfies the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The factual details Defendant requests are more appropriately sought through the ordinary course of discovery. Therefore, I will deny Defendant's motion with regard to this claim.

## CONCLUSION

Defendant's motion will be granted with regard to Count IV of Plaintiff's Complaint, and Count IV will be dismissed. Defendant's motion for a more definite statement under Rule 12(e) will be denied.

An appropriate Order will follow.

| | |
|---|---|
| January 20, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.M. SKIER AGENCY, INC. & A.M. SKIER REINSURANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CREATIVE RISK SERVICES, INC., <br><br> Defendant. | CIVIL ACTION NO. 3:05-CV-0451 <br><br> (JUDGE CAPUTO) |

## ORDER

**NOW**, this ___20th___ day of January, 2006, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count IV of the Complaint under Rule 12(b)(6) for Failure to State a Claim, and Defendant's Motion for a More Definite Statement under Rule 12(e) (Doc. 3) is **GRANTED in part** and **DENIED in part**:

(1) Defendant's motion is **GRANTED** in so far as it seeks dismissal of Count IV of the Complaint. Count IV is **DISMISSED**.

(2) Defendant's motion is **DENIED** with respect to Defendant's request for a More Definite Statement under Rule 12(e).


                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge